# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GEORGE MORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>CHARTER COMMUNICATIONS (DE), INC.<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>Case No.: 3:23-cv-01741 |

Plaintiff George Morris ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, on personal knowledge, and on investigation of his counsel, against Charter Communications (DE), Inc., d/b/a "Spectrum" ("Spectrum" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Class Action Complaint to stop Defendant's practices of (1) calling consumers nationwide using pre-recorded messages who did not provide their prior express written consent to receive them; and (2) calling persons listed on the National Do Not Call Registry. Plaintiff also seeks to obtain redress for all persons injured by Defendant's conduct.

**INTRODUCTION**

1. Defendant describes itself as a "connectivity company" that connects "our customers to superior communications and entertainment products."[1] Defendant's services include internet, cable television and mobile phones. Each of these are competitive industries and Defendant aggressively markets to obtain new customers.

2. As set forth in detail below, Defendant has conducted a wide-scale calling campaign, repeatedly making unsolicited telemarketing calls to the telephones of persons in violation of applicable federal law. Principally, Defendant is (1) making robo-calls in violation of 47 U.S.C. § 227 and (2) calling persons who have affirmatively requested not to be called, in violation of 47 C.F.R. Part 64.

3. In 1991, Congress enacted the Telephone Consumer Protection Act in response to consumer concerns about the proliferation of unsolicited telemarketing calls to their homes and the increasing use of prerecorded calls, also known as "robo-calls." 47 U.S.C. § 227. Congress

---

[1] https://corporate.charter.com

2

considered robo-calls to be costly, inconvenient, and a greater nuisance and invasion of privacy than live solicitation calls. The TCPA prohibited most "robocalls" and also authorized the FCC to prohibit calls to numbers on an entity-specific and/or a national do-not-call list. 47 U.S.C. § 227.

4. The TCPA prohibits the use of "an artificial or prerecorded voice" to make any non-emergency call to a telephone number assigned to a "residential telephone line" without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).

5. The TCPA prohibits the use of "an artificial or prerecorded voice" to make any non-emergency call to a residential telephone line for a "commercial purpose" which either introduces an "unsolicited advertisement" or constitutes a "telephone solicitation" unless the called party has given prior express consent or the call is exempted by regulation of the FCC made pursuant to paragraph § 227(b)(2)(B)." 47 U.S.C. § 227. The FCC is only allowed to exempt calls that are non-commercial or that, in the FCC's determination, "will not adversely affect the privacy rights that this section is determined to protect" AND "do not include the transmission of any 'unsolicited advertisement.'" 47 U.S.C. § 227.

6. In 1992, the FCC enacted prohibitions requiring callers to maintain an entity-specific do-not-call list and prohibiting calls to telephone numbers on that list. 47 C.F.R. 64.1200(d), (e).

7. In 2003, the FCC established the National Do Not Call Registry (the "Registry"), and promulgated regulations to prohibit calling numbers on the Registry. Consumers can register their telephone numbers on the Registry without charge either through a toll-free telephone call or online at donotcall.gov. In 2007, the Do-Not-Call Improvement Act eliminated the automatic removal of numbers from the National Do Not Call Registry ("Registry") every five years.

8. As a result of Defendant's unlawful acts, omissions and/or practices as alleged

herein, Plaintiff and all proposed class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential telephones as the calls came in, involuntary telephone charges[2], involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress.

9. Plaintiff brings this Class Action Complaint to put an end to, and obtain redress for, Defendant's acts, omissions and/or practices in violation of the TCPA and its associated regulations.

## JURISDICTION AND VENUE

10. The TCPA creates private right of action for violations of its provisions. Private persons harmed by a violation of the TCPA may seek an injunction and damages for violations of the TCPA's robo-call provisions under 47 U.S.C. § 227(b) and for violations of the TCPA's do-not-call provisions under 47 U.S.C. § 227(c)(5). A prevailing plaintiff in an action brought under the TCPA is entitled to the greater of actual damages or $500 for each violation of the TCPA. 47 U.S.C. § 227. In addition, a prevailing plaintiff may be awarded up to treble damages for each knowing and/or willful violation. *Id.*

11. This Court has personal jurisdiction over Defendant because Defendant is incorporated under the laws of Connecticut and have their principal place of business in this state.

12. Further, on information and belief, a substantial part of the conduct that gave rise to this action took place within this state, such that even were general jurisdiction over the Defendant absent, this Court would have specific jurisdiction over Defendant with respect to this action.

---

[2] The FCC has recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regus. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003) ("*2003 FCC Declaratory Ruling*").

4

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law. The TCPA, a federal statute, creates the private rights of action pursuant to which this Complaint is brought and furnishes the substantive rules of decision with respect to said action.

14. This Court has subject matter jurisdiction pursuant to Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, (b) the total number of putative class members exceeds 100, and (c) at least one member of the proposed Class is a citizen of a State different from the Defendant. 28 U.S.C. § 1332(d)(2).

15. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is incorporated under the laws of Connecticut and has its principal place of business in this state.

16. Further, on information and belief, a substantial part of the conduct that gave rise to this action took place within this state, such that venue would be proper even if the allegations of the preceding paragraph were not true.

## PARTIES

17. Plaintiff George Morris, at all times mentioned herein, has resided in and has been a citizen of the State of Texas living in Carrollton, Texas.

18. Defendant Charter Communications (DE), Inc. is a corporation organized under the laws of Delaware, with a principal place of business at 400 Washington Blvd., Stamford, Connecticut 06902. Defendant conducts business in this District and throughout the United States.

19. Charter Communications (DE), Inc. operates in furtherance of the business objectives of Spectrum for its tv and internet bundles. At all times relevant hereto, Defendant acted as agents of one another and work in conjunction with one another on an operational level. Such

operations include a common scheme to engage in telemarketing for the purposes of marketing and selling Spectrum's goods and services to consumers.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

20. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

21. The TCPA regulates, among other things, the use of artificial or prerecorded messages. Specifically, the plain language of section 227(b)(1)(B) prohibits the use of artificial or prerecorded messages to make any call to a residential telephone line in the absence of an emergency or the prior express consent of the called party.

22. As the FCC has explained, Congress prohibited prerecorded calls because it considered such calls to be costly, inconvenient, and a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

**Generally**

23. Defendant delivered and continues to deliver prerecorded messages not falling within any exception to the general prohibition against the use of artificial or recorded voice in telemarketing calls set out in 47 U.S. Code § 227(b)(1)(B).

24. Defendant failed and continues to fail to abide by do-not-call requests made to Defendant or its agents.

25. Defendant initiated and continues to initiate calls to those who have requested not to be called by Defendant.

---
[3] *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14,014 (2003) ("*2003 FCC Declaratory Ruling*").

26. Defendant generates substantial profits from soliciting potential customers through telemarketing.

27. Defendant is and at all times mentioned herein was/were a "person," as defined by 47 U.S.C. § 153(39).

28. The facts as they concern the named Plaintiff are indicative and exemplary of a wider pattern of knowing and willful violations of the TCPA and its associated regulations.

29. As a result of Defendant's unlawful acts, omissions and/or practices as alleged herein, Plaintiff and all proposed class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential telephones as the calls came in, electronic intrusion on phone capacity, risk of personal injury due to interruption and distraction, involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress. Plaintiff and all proposed class members are entitled to compensation for these harms.

30. On information and belief, Plaintiff alleges that the violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

31. Defendant conducted a wide scale calling campaign to its, repeatedly making unsolicited telemarketing calls to the telephones of persons who did not give Defendant their prior express consent to receive prerecorded calls.

32. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

33. Plaintiff's telephone number has been registered with the National Do-Not-Call Registry since June 18, 2019. Plaintiff was the subscriber who registered his telephone number on the National Do-Not-Call Registry.

34. Due to the conduct alleged herein, Plaintiff suffered concrete harm in the form of lost time spent fielding unwanted calls utilizing a prerecorded message, loss of use of his residential telephone as the call came in, and the invasion of privacy and intrusion upon his seclusion.

35. Defendant and/or one of Defendant's agents called Plaintiff on his telephone from the number 972-416-2756 on December 28, 2020.

36. Defendant utilized a prerecorded message, as defined by 47 U.S.C. § 227(a)(1), to call Plaintiff.

37. When Plaintiff answered Defendant's call it began immediately, using a pre-recorded voice.

38. Thereafter, a recording played with an artificial and/or pre-recorded message seeking to sell Spectrum services. Plaintiff was then transferred to a live agent for the purposes of selling internet and tv bundles.

39. On January 4, 2021, Plaintiff rejected a call from the number 402-769-2425 at 11:15 am. Upon information and belief, this call was made by Defendant or one of Defendant's agents for the purposes of selling internet and tv bundles from Spectrum.

40. The following additional calls were rejected by Plaintiff from the numbers listed next to them. Upon information and belief, these calls were made by Defendant or one of Defendant's agents for the purposes of selling internet and tv bundles from Spectrum:

| Date | Time | Phone Number Called From |
|---|---|---|
| 12/9/2020 | 4:06pm | 972-416-2556 |
| 1/13/2021 | 1:35pm | 888-909-2614 |
| 1/14/2021 | 3:57pm | 888-909-2614 |
| 1/15/2021 | 11:10am | 888-909-2614 |

| 1/15/2021 | 11:11am | 888-909-2614 |

41.     On December 20, 2021, Defendant or one of Defendant's agents placed another prerecorded call to Plaintiff from the number 888-909-2614 for the purposes of selling internet and tv bundles from Spectrum. This call was made using an artificial and/or prerecorded voice.

42.     The following pre-recorded calls were answered by Plaintiff and made by Defendant for the purpose of selling internet and tv bundles from Spectrum:

| Date | Time | Phone Number Called From |
|---|---|---|
| 1/12/2021 | 10:34am | 888-909-2614 |
| 1/15/2021 | 10:11am | 888-909-2614 |
| 1/15/2021 | 10:11am | 888-909-2614 |
| 1/15/2021 | 10:35am | 888-909-2614 |

43.     Prior to the calls at issue in this action, Mr. Morris had not had any contact with Defendant nor used any of Defendant's services. He has never consented in writing, or otherwise, to receive prerecorded telephone calls from Defendant. Moreover, Plaintiff has no interest in or use for Spectrum's tv and internet services.

44.     Defendant knowingly made (and continue to make) prerecorded and unsolicited telemarketing calls to the telephones of Plaintiff and other consumers without the consent of the call recipients.

45.     In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA. Such calls are also harassing and a nuisance for Plaintiff and putative class members.

46.     Plaintiff's telephone number called by Defendant was a residential telephone line

as specified in 47 U.S.C. § 227(b)(1)(B).

47. Plaintiff did not provide his "prior express consent" allowing Defendant to place telephone calls to Plaintiff's telephone phone utilizing prerecorded messages within the meaning of 47 U.S.C. § 227(b)(1)(B). Indeed, Plaintiff is not a customer of Defendant, nor has he been for at least 4 years.

48. The telephone calls made to Plaintiff's phone by Defendant were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(B).

49. The telephone calls to Plaintiff and Class Members' phones made by Defendant, which utilized prerecorded messages for non-emergency purposes and in the absence of Plaintiff's and Class Members' prior express consent, violated 47 U.S.C. § 227(b)(1)(B).

50. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided them with prior express consent within the meaning of the statute.[4]

## CLASS ACTION ALLEGATIONS

51. **Class Definitions:** Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following Classes:

> **National Telemarketing Class**: All persons within the United States who (a) received a telephone call on their landline or cellular telephone; (b) made by or on behalf of Defendant; (c) in which an artificial or prerecorded voice was played; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

> **National DNC Class**: All persons in the United States (a) whose numbers are listed on the National Do Not Call Registry and (b) who received two or more telemarketing calls from Defendant or its agents to their telephone number within any 12-month period throughout the Class Period.

---

[4] *See 2008 FCC Declaratory Ruling*, 23 FCC Rcd. at 565 ¶ 10.

52. Plaintiff represents, and is a member of, the proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judge's staff and/or immediate family.

53. Given the scale of Defendant's business, the prospective Class is so numerous as to make joinder of all members impracticable. The exact size of the proposed Class and the identities of the Class members are readily ascertainable from Defendant's business records.

54. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. Common issues regarding the Class include, among others:

   a. Whether the calls made to Plaintiff and Class members' telephones were made by or on behalf of Defendant;

   b. Whether such calls used an artificial or prerecorded voice;

   c. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated) to make such calls;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

55. Plaintiff asserts claims that are typical of each member of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes. There are no conflicts between Plaintiff and the proposed Classes. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

56. A class action is the superior method for the fair and efficient adjudication of this

controversy. Because the damages suffered by the individual Class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for Class members to seek redress individually. In addition, it is likely that most Class members are unaware that they have claims. Finally, the prosecution of separate actions by the individual Class members, even if possible, would create a risk of inconsistent or varying adjudications regarding the individual Class members against Defendant. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. It will also protect the rights of individual class members, because individual resolution of any individual member's claims would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications. Management of these claims is not likely to present difficulties.

57. Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate. Class-wide relief is essential to compel Defendant to comply with the TCPA.

**FIRST CAUSE OF ACTION**
**Use of artificial or prerecorded voice ("robo-calls") in violation of the TCPA**

58. Plaintiff incorporates by reference paragraphs one (1) through fifty-seven (57) of this Complaint as if fully stated herein.

59. Plaintiff brings this claim individually and on behalf of the proposed National Telemarketing Class against Defendant.

60. The TCPA generally prohibits the use of "an artificial or prerecorded voice" to make any call to a wireless number or residential number in the absence of an emergency without the prior express consent of the called party. 47 U.S.C. § 227(b). The calls made by Defendant

are not subject to any exception or exemption to this rule.

61. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided them with prior express consent within the meaning of the statute.[5]

62. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided them with prior express consent within the meaning of the statute.

63. Defendant initiated, or caused the initiation of, telephone calls that introduced an advertisement or constituted telemarketing without prior express written consent of the called party and for no emergency purpose in violation of 47 U.S.C. § 227.

64. The solicitation calls made by Defendant were received to Plaintiff's number.

65. Defendant's prerecorded telephone calls to Plaintiff and the class included or introduced an advertisement or constituted telemarketing. 47 C.F.R. § 64.1200(a).

66. Defendant did not obtain Plaintiff's prior express written consent to transmit or deliver prerecorded calls.

67. Defendant made the calls without an emergency purpose.

68. The calls did not include a mechanism for Plaintiff to opt of receiving additional calls or a toll-free phone number to call to be removed from the list. Defendant placed the calls to Plaintiff for Defendant's benefit.

69. As a result of Defendant's unlawful acts, omissions and/or practices as alleged herein, Plaintiff and all proposed National Telemarketing class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential

---

[5] *Id.*

telephones as the calls came in, involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress.

70. As a result of Defendant's violations of 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto, Plaintiff and members of the proposed National Telemarketing Class are entitled to, *at a minimum*, an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227.

71. For each and every knowing or willful violation of 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto, Plaintiff and members of the proposed National Telemarketing Class seek an increase in the award to up to three times the greater of actual or statutory damages, as permitted by 47 U.S.C. § 227(b)(3)(C).

72. Plaintiff and members of the proposed National Telemarketing Class are also entitled to and do seek injunctive relief prohibiting such conduct violating 47 U.S.C. § 227(b) and the regulations promulgated pursuant thereto by Defendant in the future. 47 U.S.C. § 227(b)(3).

73. Plaintiff and members of the proposed Classes also seek an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## Calling numbers on the Do Not Call Registry in violation of TCPA

74. Plaintiff incorporates by reference paragraphs one (1) through fifty-seven (57) of this Complaint as if fully stated herein.

75. Plaintiff brings this claim individually and on behalf of the proposed National DNC Class against Defendant.

76. The FCC regulations prohibit all "telephone solicitation" to cellular telephone and residential telephone numbers registered with the National Do Not Call Registry. 47 C.F.R. 64.1200 (c)(2), (e).

77. The term "telephone solicitation" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message: (i) To any person with that person's prior express invitation or permission; (ii) To any person with whom the caller has an established business relationship; or (iii) By or on behalf of a tax-exempt nonprofit organization." 47 C.F.R. 64.1200(f)(5).

78. The term "*established business relationship*" for purposes of telephone solicitations means a "prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." 47 C.F.R. 64.1200(f)(15).

79. Defendant initiated, or caused the initiation of, telephone calls that introduced an advertisement or constituted telemarketing without prior express written consent of the called party and for no emergency purpose in violation of 47 U.S.C. § 227.

80. The solicitation calls made by Defendant were received to Plaintiff's number.

81. Defendant's prerecorded telephone calls to Plaintiff and the class included or introduced an advertisement or constituted telemarketing. 47 C.F.R. § 64.1200(a).

82. Defendant did not obtain Plaintiff's prior express written consent to transmit or deliver prerecorded calls.

83. Defendant made the calls without an emergency purpose.

15

84. The calls did not include a mechanism for Plaintiff to opt of receiving additional calls or a toll-free phone number to call to be removed from the list. Defendant placed the calls to Plaintiff for Defendant's benefit.

85. Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, loss of time, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

86. As a result of Defendant's unlawful acts, omissions and/or practices as alleged herein, Plaintiff and all proposed class members have suffered harm, including, but not limited to, in the form of lost time, loss of use of their cellular and/or residential telephones as the calls came in, involuntary electrical charges due to the increased battery use necessitated by the calls, and mental and emotional distress.

87. As a result of Defendant's violations of 47 U.S.C. § 227(c) and the regulations promulgated pursuant thereto, Plaintiff and members of the proposed Classes are entitled to, *at a minimum*, an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

88. For each and every knowing or willful violation of 47 U.S.C. § 227(c) and the regulations promulgated pursuant thereto, Plaintiff and members of the proposed Classes seek an increase in the award to up to three times the greater of actual or statutory damages, as permitted by 47 U.S.C. § 227(c)(5).

89. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA and its associated regulations by Defendant in the future. 47 U.S.C. § 227(c)(5).

90. Plaintiff and members of the proposed Classes also seek an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a. Enter an order certifying this action as a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

b. Enter a permanent injunction to prevent future violations of the TCPA and of the FCC regulations promulgated pursuant to that Act by Defendant;

c. Award Plaintiff and each member of the proposed Classes monetary damages from Defendant, including at least $500 for every call made in violation of the TCPA and/or 47 C.F.R. Part 64, and up to treble damages for every willful and/or knowing violation of the TCPA;

d. Award attorneys' fees and costs to counsel for Plaintiff and the proposed Classes; and

e. Award any additional relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

Dated: August 4, 2023

BROZYNSKI & DALTON PC

*/s/ Bart Dalton*
BART DALTON
Texas Bar No. 24043418
bart@bdlegalgroup.com
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Telephone: 972.371.0679
Facsimile: 972.637.9185

CARNEY BATES & PULLIAM, PLLC
Randall K. Pulliam (*Admitted to ND TX federal bar*)
519 W. 7th Street
Little Rock, AR 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
Email: rpulliam@cpblaw.com
Email: cross@cbplaw.com

*Attorneys for Plaintiff*